Graves, J.:
Defendant in error sued the Bennetts as copartners doing business under the name and style of the National Savings Bank of Jackson, Michigan, and he was allowed to recover against Alonzo and Allen hy holding them estopped from showing as defense that they were not partners. It was conceded that in point of fact there was no partnership, and *the ground on which they were held to he es-topped from using this as a defense was, that they had silently allowed Theodore G. Bennett to represent them in printed notices as partners as alleged.
*291 We do not find it necessary to discuss tbe case in all tbe aspects in which it might be considered.
The printed notices relied on suggested the existence of a bank and that Alonzo and Allen were directors; but they did not import or imply the existence of a partnership or any connection by Allen and Alonzo involving the liabilities of such a relation.
Hence it was not competent for defendant in error to claim to have been led by the publications in question to suppose plaintiffs in error were partners, and as a consequence to have trusted the bank. The most that he could insist upon was, that he had the right to regard the representation as true, and if they were true they did not suggest the existence of a partnership.
We are therefore of opinion there was no foundation for the estoppel, and that the court erred in holding otherwise. As to the plaintiffs in error, Allen and Alonzo Bennett, the judgment must be reversed, with costs, and a new trial ordered.
The other justices concurred.