BENJAMIN FREDENBURG v. LYON LAKE M. E. CHURCH.

*Estoppel from Denying Incorporation.*

Estoppels never arise from ambiguous facts, but must be established by such as are unequivocal and not susceptible of two constructions.

Acceptance of the office of treasurer of an association does not estop one from denying its corporate existence in the absence of proof of corporate acts.

The corporate existence of a church is not shown by proof that the members held the ordinary meetings of a religious society and elected officers, as these acts are as consistent with the existence of an unincorporated association as of a corporation.

Error to Calhoun. Submitted and decided October 25.

ASSUMPSIT by the church as a corporation against its treasurer, Fredenburg, to recover moneys which it was alleged he had received and not accounted for. He pleaded set-off and gave notice that he would show that the church never had a corporate existence, and could not sue as a corporation. Plaintiff recovered and defendant brought error.

*Willis S. Geer* for plaintiff in error. Where the right to sue as a corporation is denied, the plaintiff must give proof of its charter and of user under it, *Oroville & Virginia R. R. v. Plumas County*, 37 Cal., 354; *Spring Valley Water Works v. San Francisco*, 22 Cal., 440; *Dannebroge v. Allment*, 26 Cal., 286, which establishes a *prima facie* right, estopping members of the association and those who deal with it from denying that it is a corporation, *Swartwout v. Mich. Air Line Co.*, 24 Mich., 389. But individuals acting together for the benefit of a society are not to be considered a corporation unless their corporate capacity be clearly shown, *Ernst v. Bartle*, 1 Johns. Cas., 319, and the omission of such acts as are made necessary by statute for incorporation, is fatal to its right to act in that character, when the fact of incorporation can be questioned, *Mokelumne Hill Canal v. Woodbury*, 14 Cal., 425; *Fire Department v. Kip*, 10 Wend., 266; *Becht v. Harris*, 4 Minn., 504; *St. Paul Division v. Brown*, 9 Minn., 157; *Onondaga County Bank v. Carr*, 17 Wend., 443; Angell & Ames on Corp., § 83. The mere assumption of corporate capacity by a church, limited to religious observances, is not enough to establish a corporation *de facto*, *Van Buren v. Reformed Church*, 62 Barb., 495; the existence of a charter and user of the rights granted by it are necessary, *M. E. Church v. Pickett*, 19 N. Y., 485.

*T. G. Pray* for defendant in error.     If a party accepts
from a body acting as a corporation the office of treasurer,
and ·by virtue of his official station obtains money, he can-
not deny its existence as a corporation, *All Saints Church
v. Lovett,* 1 Hall, 191; *Dutchess, etc., v. Davis,* 14 Johns.,
238.     The rule that a plaintiff corporation must prove its
corporate existence when the defendant denies it under oath
(Comp. L., § 6547) was modified by Comp. L., § 5959,
prescribing the proof necessary for a *prima facie* case, on
establishing which, the State only can inquire into the legal-
ity of its existence.

PER CURIAM.     In the court below the corporate exis-
tence of the defendant in error was in dispute, and they
sought to establish it by showing that the associates held
the ordinary meetings of a religious society, and that they
elected officers, among which was Fredenburg as treasurer.
This evidence was held to be sufficient; the court regard-
ing Fredenburg as precluded, by accepting the office of
treasurer, from disputing the corporate existence.     Now had
any of the acts of the associates been unmistakably corpo-
rate acts, there would be some ground for the ruling of the
court below.     But such was not the case.     Every act done,
including the election of officers, was just as consistent with
the existence of an unincorporated association as of a corpo-
rate body, and was just as proper to be done by the one
as the other.     Indeed, the evidence in the court below,
taken together, tended very strongly to show that no corpo-
ration had ever been formed, and that the associates had
not seen fit to avail themselves of the authority of the stat-
ute for that purpose.     Under such circumstances there is
no room for the suggestion that any one was estopped from
denying the incorporation.     Estoppels never arise from
ambiguous facts; they must be established by those which
are unequivocal, and not susceptible of two constructions.
See *Bennett v. Dean,* 35 Mich., 306.