ALONZO BENNETT AND ALLEN BENNETT, IMPLEADED WITH THEODORE G. BENNETT v. HORACE DEAN.

*Estoppel—Denial of joint liability.*

Assumpsit was brought against certain persons jointly to recover back money which the plaintiff had deposited with one of them in reliance upon his false and fraudulent representations that he conducted a bank of which the others were directors. *Held* that even though the others had allowed their names to be so used, the facts did not establish any joint liability against them and they were not estopped from denying it.

Error to Jackson. Submitted July 1. Decided Oct. 8.

ASSUMPSIT. Defendants bring error.

*Gibson & Parkinson* and *A. Pond* for plaintiffs in error.

*Grove & Wolcott* and *Austin Blair* for defendant in error. An action for money had and received is equitable and will lie where it has been obtained by deceit or in bad faith, *Moses v. Macferlan,* 2 Bur., 1005; *Burton v. Driggs,* 20 Wall., 125; *Mathers v. Pearson,* 13 S. & R., 258; *Moore v. Mandelbaum,* 8 Mich., 433; *Atkinson v. Scott,* 36 Mich., 18; *Bowen v. Sch. Dist.,* id., 149; *Elwell v. Martin,* 32 Vt., 217; Cooley on Torts, 92–4; plaintiff may sue in tort or assumpsit, but must show that defendant procured the money by fraud, *Penobscot R. R. Co. v. Mayo,* 67 Me., 470; *Young v. Marshall,* 8 Bing., 43; 2 Starkie Ev., 83; where persons acting in concert procure property fraudulently they are jointly liable, *Du Flon v. Powers,* 14 Abb. Pr. (N. S.), 391; *Wakeman v. Dalley,* 51 N. Y., 27.

Cooley, J. This case was in this court on a former occasion and the decision is reported in 35 Mich., 306.

The declaration is on the common counts in assumpsit, by the defendant in error against Alonzo Bennett, Allen Bennett, and Theodore G. Bennett, who are described as "doing business under the name and style of the National Savings Bank of Jackson, Michigan." The plaintiff's case was, that Theodore G. Bennett started business under the name given above, and received deposits, though there was in fact no such bank; that he advertised the other defendants as directors, and that they, with knowledge of the advertisement suffered the public to be misled by his advertisements and notices, and that plaintiff, supposing them to be directors in a saving bank, and relying thereon, made a deposit with Theodore G. Bennett which was lost by his subsequent bankruptcy. On the former trial the circuit judge instructed the jury that if these facts were made out, the defendants Alonzo and Allen were estopped from denying that they were partners with defendant Theodore in the business with which he had connected their names by the advertisements. But this court held that the most the plaintiff could

insist upon was, that he had the right to regard the representations by the advertisements as true; and if they were true, they did not suggest the existence of a partnership but of an incorporated bank. The case was thereupon remanded for a new trial.

The case has been tried again, resulting in a verdict and judgment for the plaintiff, and is again here on writ of error. The pleadings remain the same as before, and the evidence is the same in substance. On the second trial the circuit judge instructed the jury, that if the defendants Alonzo and Allen, after they were aware of the falsity of the bank advertisements and notices, suffered Theodore to continue such publications, and while they were continued the plaintiff was misled thereby, and lost his money by putting it into the so-called bank, then they became participants in fraud with defendant Theodore, and are estopped from denying that the money was received by them all.

The difference between the instruction given on the first trial and that on the second was only this: that on the first trial the defendants, on the principle of estoppel were held liable as partners, while on the second, by an application of the same principle, they were held liable as·joint debtors. The only ground on which the principle could be applied is this; that the defendants had suffered themselves to be represented to the public as associated in some capacity or some manner which would render them jointly liable if the representation was true: if they had, they should not be suffered to deny the representation to the prejudice of any one who had acted upon it. Now we look in vain through this record for any evidence that these defendants had made any representations, or had suffered any to be made in their name, which would lead any one to suppose that they were jointly undertaking, as partners or otherwise, to repay to him any sum of money he might deposit in the so-called National Savings Bank. The representations by the advertisements and notices tended to negative a per-

sonal liability instead of suggesting its existence, as we pointed out when the case was here before. It seems plain, therefore, that the principle of estoppel was misapplied.

It may be that these defendants have been guilty of a fraud for which they should be held responsible; but the broad question is not before us. The question which this record presents is the narrow one which we have already indicated. Because defendants are chargeable with one representation which is false and fraudulent, does this estop them from denying another representation, equally false and fraudulent if they had suffered it to be made, but with which in fact they are not chargeable at all? We held on the other record that they were not, and we hold the same on this.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.