KIRKPATRICK v. THE U. P. CHURCH OF KEOTA.

1. **Religious Corporations:** QUERY AS TO RELATION OF STATUTE TO. Whether the provisions of section 1089 of the Code, which is found in chapter one, under the title "Corporations," and which treats of corporations for pecuniary profit, are applicable also to a body of men acting as a religious corporation, treated of in chapter two under said title, *quære.*

2. **Corporations:** EXERCISE OF ASSUMED CORPORATE POWERS: FACTS NOT CONSTITUTING.    Before any act can be treated as the exercise of a corporate franchise or privilege, it must be made to appear that it is an act which distinctly pertains to corporate powers, and which may not just as well be the act of a partnership or an unincorporated association; and

it is accordingly *held* in this case that, where the members of a religious society held business meetings, acquired property, received and paid out money, appointed agents to make settlements, contracted for insurance on their building, and contracted debts generally, passed by-laws, appointed trustees, and made an attempt at incorporation, these acts did not establish an assumption of corporate powers by the society, as contemplated by section 1089 of the Code, so as to estop it from pleading a want of corporation as a defense to an action against it—conceding that said section is applicable to such a society. *Washington College v. Duke*, 14 Iowa, 14, distinguished.

## Appeal from Keokuk Circuit Court.

### THURSDAY, APRIL 24.

ACTION upon an account. The defendant for answer "admits that it is a church for religious purposes, but denies that it is a corporation, and denies that it now has, or ever did have, the authority to make contracts." There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*G. D. Woodin*, for appellant.

*Sampson & Brown*, and *I. Farley*, for appellee.

ADAMS, J.—Sometime prior to Oct., 1874, certain persons in Keota, Iowa, holding, as we may presume, the faith of the denomination known as United Presbyterians, organized a church, which seems to have been called simply the United Presbyterian Church of Keota. In Oct., 1874, steps were taken to erect a church building. Money was subscribed by various individuals, and the church building was erected. The plaintiff was one of the trustees, and acted, also, on the building committee. He appears to have been one of the most active members of the society. He not only subscribed with others, but he advanced money beyond his subscription, and pledged his credit to assist the church. He was reimbursed to some extent, but the accounts were such that a misunderstanding appears to have arisen, and in February, 1882, he brought this action to recover for money advanced.

He averred in his petition that the defendant was incorporated under the corporate name of the United Presbyterian Church of Keota.   The evidence does not show an incorporation, and the plaintiff, as we understand, does not seriously claim that it does.   He claims that the persons composing the church proper, or religious society, (it does not appear

1. RELIGIOUS
corporation :
query as to
relation of
statute to.

distinctly which,) acted as a corporation, and that, having so acted, they are, under section 1089 of the Code, now estopped from pleading as a defense a want of incorporation.   That section provides that "no body of men acting as a corporation under the provisions of this chapter shall be permitted to set up a want of legal organization as a defense to an action against them as a corporation."   The plaintiff introduced evidence, which he claims shows that the members of the church or religious society acted as a corporation; and the court gave the jury an instruction upon the theory that the jury might so find. The defendant insists that the instruction is erroneous, for the reason that the acts shown were not such as to evince an attempt to exercise distinctive corporate powers; and for the further reason that, if they were, the defendant would not be estopped from denying its corporate character, because the statute relied upon is restricted in its application to those who assume to exercise the powers of corporations organized for pecuniary profit.

Section 1089 is found in chapter 1, which chapter provides only for the organization of corporations for pecuniary profit.

2. CORPORA-
TIONS: exer-
cise of assum-
ed corporate
powers : facts
not constitut-
ing.

So far as that section is concerned, the estoppel provided for certainly applies only to a body of men acting as a corporation under chapter 1. The provision for corporations other than for pecuniary profit is made in chapter 2.   Whether section 1089 can be applied to persons acting as a corporation under chapter 2, is a question which, we think, admits of some doubt, and in regard to it we might not be agreed.   But we do not properly reach the question, because we think that there is no

evidence showing distinctly and unequivocally an attempt to exercise corporate powers. The case, we think, falls under the rule held in *Fredenburg v. Lyon Lake M. E. Church*, 37 Mich., 476, and *Trustees v. Clark*, 41 Id., 730.

We cannot better express our views than in the language of MR. JUSTICE COOLEY in the case last above cited. He says: "Before any act can be accepted and treated as the exercise of a corporate franchise or privilege, it must be made to appear that it is something which distinctly pertains to corporate powers. It must not be an ambigous act in itself, and which as properly belongs to a partnership or to an unincorporated association of persons." In that case it was held that the contraction of a debt was not distinctly the exercise of a corporate power. According to the opinion, the acts must be such as would justify, in the interest of the state, an action which, under our statute, is denominated an action to test official and corporate rights. The acts which would be deemed such we need not undertake to enumerate. Among them, unquestionably, would be the adoption and use of a seal as a corporate seal, the taking of subscriptions to capital stock, and the issuance of certificates of stock. The acts relied upon by the plaintiff as corporate acts consist of holding business meetings, acquiring property, receiving and paying out money, appointing agents to make settlements, contracting for insurance on their church building, and contracting debts generally. But as to the title to the church lot and building, it must be said that it appears always to have stood in the name of individuals. The other acts mentioned are such as unincorporated societies are accustomed to perform, and cannot be said to evince an assumption of distinctive corporate powers.

One other act remains to be mentioned, and that is the passage of a by-law. Possibly more than one was passed, but only one is set out. That is in these words: "The trustees shall attend to keeping the church building in repair, fuel and light, drawing on the treasurer for the expense of the same, hold all deeds, notes, bonds and mortgages of the congregation,

sign all notes, deeds and mortgages, but not without the consent of the congregation, and shall have a general supervision of the temporalities of the congregation." The plaintiff insists, if we understand him, that the passage of a by-law is of itself a distinctive corporate act, and, if not, that the passage of such a by-law is.

A by-law proper is a subordinate rule for the government of a body passing it. It may be a rule subordinate to a charter or articles of incorporation, but it may as well be a rule subordinate to mere articles of association, such as mere unincorporated clubs and societies adopt for their government. It is abundantly evident that the passage is not an assumption of distinctive corporate powers. It would be absurd to suppose that every unincorporated club and society in the state, which adopts by-laws, is liable to be proceeded against by an action to test its corporate rights. Whether the passage of a by-law, which should provide a mode for the exercise of distinctive corporate powers, could itself be regarded as a corporate act, we need not determine. The by-law set out does not, we think, so provide. The deed of the church lot and building appears to have been executed to the trustees. Under the by-law, the trustees were entitled to hold the deed. Some subscription notes appear to have been taken. Under the by-law, the trustees were entitled to hold the notes. On the other hand, if deeds and notes were to be given, the trustees were to sign them. This was the device adopted to enable the "congregation," so called, to transact its business. We find no authority to execute any paper in the name of the United Presbyterian Church of Keota, but rather a device to do the necessary business without the use of such name.

Much has been said in argument about an attempt to incorporate. But an attempt to incorporate is not an exercise of assumed corporate powers. Such attempt looks merely to the *acquisition* of such powers. Their *exercise* is a different act. Whether, if articles of incorporation had been adopted, though not filed for record, acts provided for therein could be

construed as an attempted exercise of corporate powers, though not otherwise distinctly appearing so, is, to say the least, doubtful. See cases above cited. But no articles of incorporation were introduced in evidence, nor contents shown, nor is there any evidence that any were signed or adopted by vote. There was an effort to prove that something was signed, but the evidence offered was, as we understand, not allowed to go to the jury, and, besides, a careful examination will show that it would have been entirely insufficient. The evidence introduced does not go farther than to show that an attorney was employed to draw articles of incorporation, and that he drew something which he denominated such, and sent them for record.

The plaintiff relies upon *Washington College v. Duke*, 14 Iowa, 14. But that case bears very little resemblance to this. The defendant in that case sought to escape liability upon his promissory note to the plaintiff, by denying its corporate character and capacity to sue. The question presented arose under section 704 of the Code of 1851, which is like section 1089, above cited. The plaintiff had failed to incorporate, but was nevertheless allowed to recover as a corporation. The note sued on was given for a so-called perpetual scholarship. It purported to be signed by the president and secretary of Washington College, and sealed with the seal of the college, and in the attestation clause the college is referred to as a corporation, and the seal as a corporate seal. The execution of this paper in this mode was distinctly a corporate act, and the liability of defendant upon his note was clear.

In the case at bar, we find no evidence of such acts, and, in instructing the jury upon the theory that there was, we think that the court erred.

REVERSED.