# Schloss & Kahn *v.* Montgomery Trade Company.

*Action by Corporation, on Subscription for Stock.*

1. *Action by corporation; proof of corporate character.*—In an action by a corporation, the plea of *nul tiel* corporation being interposed, the plaintiff is required to prove its corporate character, either by producing its charter, or by some admission on the part of the defendant, or to show facts constituting an estoppel. (But, by statute, a sworn plea is now required.—Sess. Acts. 1888-9, p. 57.)

2. *Estoppel as between corporation and subscriber for stock.*—In an action by a corporation suing as such, against a subscriber to its capital stock before incorporation, the payment by the defendant of former installments as called for, and an averment that the installment sued for was "duly and regularly called in by plaintiff, and demand therefor made upon defendant," do not, without more, show an estoppel against him to deny that there ever was any corporation.

3. *Organization of business corporation; when authorized.*—By statutory provision (Code, 1886, § 1663; Code, 1876, § 1806,) changing the rule of the common law, a business corporation may be organized before all of the capital stock has been subscribed for.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought against Schloss & Kahn as partners, by the "Montgomery Trade Company, a corporation," as described in the complaint, or, as described in the summons, "a corporation organized under the laws of Alabama;" and was commenced on the 15th September, 1888. The complaint contained the common count on an account stated, and a special count which claimed $300, "due on account of the subscription by defendants, in writing, to the capital stock of plaintiff, with interest thereon from January 9th, 1888;" and the special count averred, "that said defendants subscribed, by instrument in writing, to fifteen shares of the capital stock of said company, of the par value of $100 per share; that said defendants paid all of said subscription, ex-

cept twenty per cent. thereof; that on the 9th January, 1888, the said twenty per cent. was duly and regularly called in by the plaintiff, and demand therefor made upon said defendants, but they neglected and refused to pay the same, and still neglect," &c. The defendants demurred to the special count, assigning several special grounds of demurrer, which were, in substance, that it did not allege or show that the plaintiff was ever legally incorporated, nor that plaintiff had ever tendered to defendants a certificate for their stock, or was ready to issue such certificate. The court overruled the demurrer, and the defendants then filed several pleas, the first and sixth of which denied the plaintiff's corporate existence; the second alleged that the plaintiff "issued its stock without actually receiving money or property therefor, or getting any consideration in labor done for it;" the third alleged a special agreement and understanding between the subscribers for stock in the Montgomery Trade Company, that not more than twenty per cent. of their subscriptions should be paid in before the organization of the corporation; the fourth alleged that the defendants were induced to make their subscription for stock by the promise of the corporators who were getting up the subscriptions, to the effect that not more than eighty per cent. should ever be called for; the fifth was the general issue, and the seventh claimed a set-off. The court sustained a demurrer to all of these pleas except the fifth and the seventh, on which issue was joined. The defendants also filed three additional pleas, namely: 1st, that plaintiff never issued, nor offered to issue to defendants, any shares of stock, or certificates for shares; 2d, that the plaintiff does not aver its readiness or ability to issue any certificates for stock; 3d, that the capital stock of the proposed corporation was $50,000, and not more than $45,000 was subscribed for. The court sustained a demurrer to each of these additional pleas.

The rulings on the pleadings are now assigned as error.

ARRINGTON & GRAHAM, for appellants.—(1.) The demurrer to the complaint ought to have been sustained. In an action against a subscriber for stock in a proposed corporation not then organized, the fact of incorporation must be proved, if the plaintiff sues as a corporation; and if denied, it must be proved.—*Threshing Machine , Co. v. Davis*, 41 N. W. Reporter, 1026; 28 Cent. L. J. 448; *Knox v. Childersburg Land Co.*, 86 Ala, 180; Cook on Stock and

[Schloss & Kahn v. Montgomery Trade Co.]

Stockholders, §§ 67, 168.   (2.)   No estoppel is shown by the pleadings against the defendants.—Cook, Stock, § 186; 68 Ind. 388; *Grangers' Insurance Co. v. Kamper*, 73 Ala. 325; *Railroad Co. v. Cushing*, 45 Maine, 524; 5 Nebr. 50.

TOMPKINS & TROY, *contra*, cited *Lehman, Durr & Co. v. Warner*, 61 Ala. 466; *Central A. & M. Asso. v. Insurance Co.*, 70 Ala. 120; Code, § 1663; Mor. Corp., § 269; *Smith v. Plank-road Co.*, 30 Ala. 650; Cook on Stock, §§ 137-8; 91 U. S. 45.

SOMERVILLE, J.—It is true, that where one contracts with an alleged corporation as such, and in such manner as to recognize its corporate existence *de jure* or *de facto*, he will often be estopped to deny the fact thus admitted, whether the denial go to the question of an originally legally organized body, or to that of a cessation of corporate existence. These are cases where the action is brought against one who contracts with the plaintiff in its real or asserted corporate capacity.

But this principle has no reference to cases where a subscription for stock is made by one in anticipation of organizing a corporation, which is at the time only in process of formation.   "The rule that a person contracting with a corporation recognizes thereby its capacity to contract, and can not afterwards deny it in that transaction, does not apply to one who subscribes before incorporation.   He may insist upon the organization of a regular and legal corporation." Cook on Stock and Stockholders, §§ 185-186, and cases cited in *note* 2, p. 173.

It is perfectly well settled, that before a suit can be maintained by an alleged corporation, although it may not be necessary to prove the *legality* of the existence of such corporation, its actual or *de facto* existence must be proved, or else a state of facts shown which will operate to estop the defendant from denying such *de facto* existence.   When the plea of *nul tiel* corporation in proper form is interposed, in the absence of any regulating statute on the subject, the burden is on the plaintiff corporation, if private, to prove its existence, either by production of its charter or articles of corporation, or by some express or implied admission on the part of the defendant, or else to show an estoppel which precludes a denial of the fact.—2 Morawetz on Corp. (2d Ed.), §§ 770, 772, 774, 776; *Lehman v. Warner*, 61 Ala. 455.   The act

approved February 26, 1889 (Acts 1888-89, p. 57), provides, that when a suit is brought by a corporation, the plaintiff must not be required to prove the existence of such corporation, unless the same is denied by sworn plea, filed within the time allowed for filing pleas in abatement. But that act was not in force when the present case was tried, and hence did not govern it.

A subscriber to stock may, like any other person, be estopped from disputing the *de facto* existence of a corporation, especially as against creditors, where he attends the meetings of stockholders, or otherwise participates in the business of the company, thereby inducing others to act upon the faith of his admissions to their prejudice, or for his benefit. "But, "to warrant holding a person estopped from disputing the existence of a corporation, on the ground that he has co-operated in its organization and action, the acts shown must be unmistakably *corporate* acts."—2 Herman on Estoppel, § 1247. If the act done, or admission made, is just as consistent with the existence of an unincorporated association, as of one incorporated, its ambiguous character will be so equivocal as not to raise an estoppel.—*Fredenburg v. M. E. Church*, 37 Mich. 476.

Conceding that the mere description of the plaintiff in the title of the cause as "a corporation" is sufficient, without any positive averment in the complaint of its corporate character, or without alleging whether it is a foreign or domestic corporation, defendants, in their first and sixth pleas, deny that there was at the commencement of this suit any such corporation as the Montgomery Trade Company—the name in which the suit is brought. This cast on the plaintiffs, under the principles above stated, the burden either to prove their corporate existence *de jure* or *de facto*, by admission of the defendant, or by production of their charter, with some evidence of user or acceptance, or by other competent evidence, or else to show an estoppel which would operate to preclude the defendant from denying the plaintiff's corporate existence. The only fact relied on to raise such estoppel, suggested in the demurrer to these pleas, is the conduct of the defendants in having paid all of their subscription for the fifteen shares of stock except the twenty per cent. here sued for, which latter sum is alleged to have been "duly and regularly called in by the plaintiff, and demand therefor made upon said defendants," which they refused to pay. We perceive no element of estoppel in this fact, standing alone. The

[Aderholt v. Henry.]

circumstances under which this subscription was paid, are no where stated. It does not appear that it was called for by assessments made even under color of corporate organization or capacity. The payment made does not imply a recognition of corporate existence, or of an unequivocal corporate act performed by the plaintiff, or any participation by the defendants in the corporate meetings or proceedings. There is nothing inconsistent between the facts alleged in the complaint, and the fact of defendants' payment of eighty per cent. of their subscription preliminary to any corporate organization then contemplated, or in anticipation of such event.—*Somerset & K. R. R. Co. v. Cushing*, 45 Me. 524; *Cabot v. Chapin*, 6 Cush. 51; *Kansas City Hotel v. Harris*, 51 Mo. 464; *Knox v. Childersburg Land Co.*, 86 Ala., 180.

The fact that all the capital stock was not subscribed for, might have been a good defense to this suit against the defendants, under the general rule of law, apart from the statute.—Cook on Stock and Stockholders, § 176. But the statute has changed this rule, so as to authorize the organization of corporations of the class to which plaintiffs *prima facie* belong, upon the payment of fifty per cent. of the proposed capital stock, which may have been subscribed.—Code, 1886, § 1663; Code, 1876, § 1806; Acts, 1882-83, p. 5.

The other contentions of appellant are without merit.

It follows from what we have said, that the City Court erred in sustaining the demurrer of the plaintiff to the first and sixth pleas of the appellants, but not in sustaining the demurrers to the other pleas.

Reversed and remanded.

CLOPTON, J., not sitting.