BAXTER et al. v. JONES et al.

(Circuit Court, E. D. Kentucky. December 31, 1910.)

No. 2,439.

1. JUDGMENT (§ 243*)—PERSONS CONCLUDED—JUDGMENT AGAINST NONEXISTENT CORPORATION—PARTNERSHIP HAVING SAME NAME.

A judgment against a defendant sued as a corporation when there is no such corporation, nothing else appearing, is void, and cannot be enforced against the property of a partnership doing business under the same name.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 428; Dec. Dig. § 243.*]

2. CORPORATIONS (§ 34*)—ESTOPPEL TO DENY CORPORATE EXISTENCE—PARTNERSHIP.

Neither the use by a partnership of a company name similar to that of a corporation, nor an inadvertent expression in a letter written by its attorney to the attorney for a damage claimant, implying that the company had a board of directors, which fact was not known to any of the partners, constituted a holding out of the partnership as a corporation which estopped it from denying that such was the fact as against such claimant, especially in view of Ky. St. § 576 (Russell's St. § 2161), which requires every corporation under a penalty to use the word "incorporated" in connection with its name on its place of business and on all printed or advertising matter, which the partnership had never done.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 81–96; Dec. Dig. § 34.*]

3. ESTOPPEL (§ 95*)—ESTOPPEL BY SILENCE—DUTY TO SPEAK.

Under the rule that, to make out an estoppel from mere silence, there must be a duty to speak and a right to rely on such silence, where one making a claim against a partnership brought suit alleging it to be a corporation, making service on one of the partners only as an officer of the corporation, and no one of the partners entered an appearance, they were under no such duty to their adversary to advise him of his mistake that their failure to do so created an estoppel, and rendered the judgment against the supposed corporation binding upon them.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 285–287; Dec. Dig. § 95.*]

In Equity. Suit by Mary L. Baxter, Samantha O. Danks, William Neahls, Caspar Voll, John Sieber, and Walter Bennett, partners under the firm name and style of the Newport Pressed Brick Company,

against Robert M. Jones and S. G. Sharp, United States Marshal for the Eastern District of Kentucky. Decree for complainants.

L. J. Crawford, for plaintiffs.

C. W. Baker, for defendants.

COCHRAN, District Judge. This cause is before me under submission for final decree.

On May 10, 1902, Walter Bennett, Mary L. Baxter, Willard W. Baxter, Samantha O. Danks, Caspar Voll, John Sieber, and H. D. Phillips entered into a written partnership agreement for the manufacture and sale of brick on certain real estate in the Cote Brilliant district of Newport, Campbell county, Ky., owned and leased by them under the name of the Newport Pressed Brick Company. It was provided that Walter Bennett should be superintendent of the operations of the firm, and devote his entire time to its affairs, and should be paid for his services in so doing, that the members should have meetings on the first Wednesday of each month, and such special meetings as might be called by the superintendent at which he should preside, and the two Baxters have one vote, and each of the other members one vote, and a majority should decide all matters, and that all moneys paid out should be allowed at such meetings upon properly itemized bills to be audited and indorsed correct by the superintendent, in payment of which checks were to be given signed by the firm name by the superintendent with the addition of his signature as superintendent.

This partnership existed and carried on its business in accordance with the provisions of the partnership agreement until November 28, 1905, when a corporation named the "Newport Pressed Brick & Stone Company" was formed, to which the firm transferred its assets and business. After a certain time from the beginning of the partnership, Walter Bennett became incapacitated by ill health from actively performing the duties of superintendent, when another of the partners, W. W. Baxter, performed them for him; Bennett remaining the nominal superintendent. The position of superintendent was sometimes referred to as manager. The firm had no other office than that of superintendent.

In May, 1904, the defendant Jones was employed by Baxter, acting as superintendent, to work for the firm in its brickyard, and shortly after his employment and whilst in the course thereof he suffered a personal injury. On the 21st day of September, 1905, he brought suit in this court to recover damages for the injury. In his petition he alleged that the injury was sustained on May 15, 1904, but from the evidence herein it seems that it was sustained May 6, 1904. He did not bring this suit against the firm or its members but against the Newport Pressed Brick Company, as a corporation under the laws of Kentucky. Summons issued and was served September 29, 1904, according to the marshal's return by delivering a true copy thereof to Walter Bennett, general superintendent of said Newport Pressed Brick Company, at Newport; "he being the highest official of said company in my bailiwick." This was in time for the next ensuing October term

of the court, but nothing was done in the suit at that term. At the next ensuing April term—i. e., in April, 1905—no answer having been filed, judgment by confession was taken, and an order made for a jury to assess the damages, and on April 10th a jury was impaneled, which, after hearing the plaintiff's evidence on April 11th, returned a verdict in his favor for $2,100, on which judgment was then duly entered. On April 22d an execution issued on the judgment which on the same day was levied on the real estate and brick and machinery located thereon owned by the firm. Thereafter, to wit, on May 15, 1905, this suit was brought by the then members of the firm, the plaintiff, William Neahls, having theretofore acquired the interest of H. D. Phillips, one of the original members thereof, against the defendant Jones, plaintiff in the former suit, in which they seek to enjoin the sale under the levy.

The position, in brief, of the plaintiffs is that the judgment is not against them, and hence cannot be enforced as against their property. The judgment is not even a judgment against them in their firm name. This is so because the suit was not one against them under their firm name, but against an alleged nonpolitical legal entity, to wit, a Kentucky corporation of that name. That such was the nature of the suit cannot be gainsaid, and it followed, therefore, that the judgment was not a judgment against them under their firm name, and there being no such entity, as was alleged, that it was a judgment against no one, and hence was absolutely void. The defendant Jones in his petition therein did not seek a judgment against the plaintiffs under their firm name. He sought judgment against a Kentucky corporation of that name. The judgment cannot be construed other than what was sought. Had the judgment been against the plaintiffs herein under their firm name, and they been before the court, possibly it might be a question whether it was void, notwithstanding the fact that in Kentucky the members of a partnership are not suable in their firm name. In the case of Soper v. Clay City Lumber Co. (Ky.) 53 S. W. 267, however, though it does not appear that the company was sued as a corporation, it was held that the judgment against it was void because there was no such corporation. The court said:

"The appellee not being a corporation it had no such existence in fact and in law as would enable the plaintiff to sue it in the name of Clay City Lumber Company and take judgment against it. Such a judgment is void."

There one Inman was doing business under that name. But such was not the character of the judgment. It was a judgment against an alleged corporation of that name, and, there being no such corporation, the judgment was a nullity. It must be held, then, nothing else appearing, that the judgment was not enforceable against the plaintiff's property, and they are entitled to the injunction sought. This is so for two reasons: One is that the judgment is void; and the other that it is not a judgment against them, not even under their firm name.

But it is urged on behalf of the defendant that the plaintiffs are estopped to deny that their partnership, an unincorporated association, was a corporation, and that the property out of which the judgment is sought to be enforced is the property of such corporation. The

ground of the estoppel may be said to be twofold. One is that prior and up to the bringing of the suit the plaintiffs had held out their association as a corporation. The other is that they became aware of the fact that defendant was proceeding against their association as a corporation and did not advise him of his error, not only not until that suit had terminated, but not until his claim against them had become barred by the statute of limitations.

I will deal with these two grounds of estoppel in the order named. Defendant makes out that plaintiff had been so holding out their association from three circumstances. One is the firm name. Another is that just before defendant went to work he was told by Walter Bennett, the superintendent, that the company was a Kentucky corporation; that he, Bennett, was president and W. W. Baxter general manager and secretary; and that the capital stock was $10,000, and they intended to increase it to enable them to build new kilns. And the third one is that plaintiff's attorney, Bassman, before suit brought, in answer to a proposition of compromise made by defendant's attorney, Splodel, wrote him that it had been submitted to Baxter, and Baxter had told him "it must be submitted to the B. of D. which meets the second week in August," and added: "Would kindly ask you to wait until that time so that the board may pass on your proposition." There can be no doubt that such a letter was written. A copy of it has been filed and testified to as a correct copy by Bassman. The original was supposed to have been lost, but I have found it amongst the papers of the former suit and the copy is correct. As to the alleged representation by Bennett, I think that this case must be disposed of on the basis that no such representation was ever made. It is not urged on behalf of defendant in his counsel's brief that it was. It is testified to solely by defendant. Both Bennett and Baxter, the latter of whom defendant says was present a portion of the time, deny that any such representation was made. In two particulars otherwise where the truth of defendant's testimony could be tested he was shown to have been in error. He testified that the checks with which he was paid for his services were signed, "Walter Bennett, President Newport Pressed Brick Company." On cross-examination he identified the checks, two of them, which he had received, and each one of them was signed, "Newport Pressed Brick Company, per Walter Bennett, Supt.," just as the articles of partnership required. He testified, also, that at the time of the representation Bennett gave him one of the company's cards, and that in the corner was "Walter Bennett, President," and at the other "W. W. Baxter, Secretary and General Manager," and "Newport Pressed Brick Company" was on the face of the card. One of the company's cards was introduced in evidence and testified to by both Bennett and Baxter as being the only card issued by it, and on it in the left upper corner are the words "Walter Bennett, Manager," and in the right upper corner are the words, "W. W. Baxter, Sales Manager." Besides these considerations, no reasonable basis has been presented for Bennett talking to defendant, who was simply a laborer, in regard to such matters. In view of all these considerations, I think, as I have stated, that this case should

be disposed of upon the basis that no such representation was made by Bennett.

The question, then, whether plaintiffs prior to the former suit held out their association as a corporation, depends upon what effect is to be given to its name and the implication in Bassman's letter that it had a board of directors. Did they amount to a holding out of their association as a corporation, and are they thereby estopped from denying that it was? 1 Clark & Marshall on Corporations, §§ 83–92, inclusive, deals with the subject of estoppel to deny incorporation. In section 83 it lays down three rules as established by the weight of authority. The first rule has to do with the estoppel of one dealing with an association as a corporation to deny its corporate existence, and the second one with the estoppel of an association holding itself out as a corporation to do likewise. The third one is in these words:

"To give rise to an estoppel, there must be some recognition or holding out of the association as a corporation; or, in other words, the acts relied on as constituting an estoppel must not be entirely consistent with the existence of an unincorporated association."

In section 92e, entitled, "What constitutes holding out as a corporation," it says:

"In order that members or agents of an association may be estopped to deny that it is a corporation on the ground that they have held it out as a corporation, the acts relied on must be equivalent to a representation or admission of corporate existence, and therefore will not operate as an estoppel if they are just as consistent with the existence of an unincorporated association as with the existence of a corporation."

He cites amongst other decisions upholding this position the cases of Fredenburg v. Lyon Lake M. E. Church, 37 Mich. 476; Kirkpatrick v. U. P. Church of Keota, 63 Iowa, 372, 19 N. W. 272. In the Michigan case, it was held that the acceptance of the office of treasurer of a religious association does not estop one from denying that the association is a corporation since an unincorporated association may have a treasurer, and that a claim of corporate existence on its part is not shown by proof that the members held the meetings of the ordinary religious society, and elected officers, for these acts are as consistent with the existence of an unincorporated church as of a corporation. The court said:

"Estoppels never arise from ambiguous facts. They must be established by those which are unequivocal, and not susceptible to two constructions."

In the Iowa case it was held that a body sued as a corporation was not estopped to deny its existence as such merely by reason of the fact that the association had passed laws, held business meetings, acquired property, received and paid out money, appointed agents, and made contracts as these acts might be done as well by an unincorporated association as by a corporation. In the case of Clark v. Jones, 87 Ala. 481, 6 South. 363, which involved the question whether or not the Wetumpka Lumber Company which had a president and secretary was a partnership or a corporation, Clopton, Judge, said:

"It may be conceded that, as the name may fairly import either a corporation, an unincorporated association, or a partnership, no presumption arises from the mere name that the company is either the one or the other."

And again he said:

"No presumption of incorporation arises from the fact that the business of the company was transacted by a president and secretary."

In section 92c, 1 Clark & Marshall on Corporations deals with the question of the effect of making a note or other contract to an association or taking one from it, in a name which is ordinarily, though not necessarily, taken as implying a corporation. It says that in some of the cases, quite a number of which are cited in the notes, it is held that such making or taking "does not even prima facie estop one from denying that the association is a corporation, where there is no recital in the contract that it is a corporation, since an unincorporated association may thus do business in a name which would be appropriate to a corporation," but "the better opinion, however, is to the contrary: that is, to the effect that there is at least a prima facie admission and estoppel if the name used is one which is generally considered as importing a corporation rather than a mere unincorporated association." A case belonging to the first class of cases referred to and not cited is that of Holloway v. Memphis, El Paso & Pacific Ry. Co., 23 Tex. 465, 76 Am. Dec. 68.

There the court said:

"The mere fact that in a contract with the company the defendant has designated it by a name which is appropriate to a corporate body does not admit its corporate existence unless it be distinctly stated in the contract that the company is an incorporated company."

The matter dealt with in this section of that work, however, is as to the effect of making or taking a contract in such a name and the question is as to whether or not it creates a prima facie estoppel. The question which we have here is whether from the mere fact of plaintiffs doing business under the name of the Newport Pressed Br'ck Company and of Bassman in answer to a proposition of compromise made by plaintiff using language that implied that they had a board of directors there is an absolute estoppel on their part to deny that their partnership is a corporation. We find no authority upholding the position that thereby such an estoppel was worked. The position that thereby such an estoppel was worked is weakened by a consideration of the requirements of section 576 of Kentucky Statutes (Russell's St. § 2161), which is in these words:

"Every corporation organized under the laws of this state and every corporation doing business in this state, shall, in a conspicuous place, on its principal place or places of business in letters sufficiently large to be easily read, have painted or printed the corporate name of such corporation, and immediately under the name in like manner, shall be printed or painted the word 'Incorporated.' And immediately under the name of such corporation upon all printed or advertising matter used by such corporation, except railroad companies, banks, trust companies, insurance companies, building and loan associations, shall appear in letters sufficiently large to be easily read, the word 'Incorporated.' Any corporation which shall fail or refuse to comply with the provisions of this section shall be subject to a fine of not less than one hundred dollars and not more than five hundred dollars."

In the case of Richards v. Minnesota Sav. Bank, 75 Minn. 196, 77 N. W. 822, the court said:

"The very name of the association (Minnesota Savings Bank) advised persons dealing with it that it claimed to be an incorporated savings bank, for the statute forbids any bank or banker, except such savings bank, to advertise or put forth a sign as a savings bank or to solicit or receive deposits as such."

So in Kentucky the absence of the word "Incorporated" under the name of a partnership in its principal place of business and on all printed and advertising matter including business cards and checks advises persons dealing with it that it does not claim to be a corporation. The reference to a board of directors by Bassman was evidently a slip due to not being fully posted as to how plaintiff's business was conducted. The meeting referred to in his letter was no doubt the next monthly meeting of the partners. The articles of partnership provided for monthly meetings of the partners, and under the evidence they were regularly held. No one connected with the partnership authorized him to refer to a board of directors, or knew that he had done so. And it was not referred to with the intention of misleading defendant.

Then as to the failure of the plaintiffs to advise defendant that he was proceeding upon a wrong idea after they became aware that he was so doing. In order to make out an estoppel from mere silence, there must be a duty to speak and a right to rely on such silence. I think that both these elements are lacking here. The relation of the defendant and plaintiffs was antagonistic and known to be so. It is this consideration which it seems to me removes these two elements from this case. The plaintiffs were under no obligation to advise the defendant, their antagonist, of his mistake, and he had no right to rely on their silence. The only possible position which can be taken affecting plaintiffs with bad faith is that they remained silent after defendant had been misled by the reference in Bassman's letter to a board of directors. But plaintiffs had no actual knowledge of this reference. It is not shown that Bassman after becoming aware of defendant's mistake recalled the reference or was conscious that he had been the cause, to any extent, of the mistake. And I am not entirely clear that this reference was what caused the mistake. Besides, defendant's persistence in proceeding as he began is not free from criticism. No answer was filed at the October term, 1905, when it was first due. The cause was continued in this condition until the April term, 1906. Judgment was then taken by confession and at a subsequent day in the term a jury was impaneled to assess the damages—all this without any appearance on behalf of the defendant to the suit. It would seem that this long-continued silence, instead of misleading, should have given rise to the suspicion that something was wrong, and led to an investigation, which would have revealed the truth, particularly as there had been an effort at compromise and defendant had refused to settle.

In view of all these considerations, I am not able to make out any estoppel on plaintiff's part to deny that they were a corporation, and to claim that the property sought to be subjected to the judgment in

question was their property, and not that of such corporation. This case is attempted to be brought within the principle recognized by many authorities, some of which defendant has cited, that where the right party is sued under a wrong name, and judgment goes against him in such name, he is bound thereby. But in all such cases the party intended to be sued is actually served with process. By the service of process on him he knows that he is the party being sued. Here is a case for the application of the doctrine of estoppel. He should speak and let it be known that he is being sued in the wrong name, and, if he remains silent, he is thereafter estopped. This, however, is not such a case. The only one of the plaintiffs served with process was Bennett and the service was on him as general manager and superintendent of an alleged corporation. There was no intention to sue the plaintiffs individually. No one of the other six partners was served with process. Service on Bennett as such general manager and superintendent was not service on them. They were therefore never before the court in any way by service of process or entry of appearance. In the case of Rice v. Doniphan & Smoot, 4 B. Mon. (Ky.) 123, it was held that service on one member of a partnership is not sufficient to bring the other partners before the court. Had the defendant sued the plaintiffs as a partnership in the firm name and process been served on them possibly from analogy to this misnomer doctrine, a judgment against them in the firm name would have been valid and enforceable. But such was not the case. He sued the defendants as a corporation, and had process served on Bennett alone and on him as superintendent of the corporation. The judgment must be taken as one against them as a corporation, and not as a partnership, and, there being no such corporation, it cannot be otherwise than void.

I am therefore constrained to hold that the plaintiffs are entitled to the relief they seek, and decree will be drawn and entered in accordance herewith.