R. W. HOLLOWAY V. THE MEMPHIS, EL PASO AND PACIFIC
RAILROAD COMPANY.

A domestic corporation, created by a private act of the legislature, in order to maintain a suit as plaintiff, must aver and prove, that it is a body corporate, duly constituted by competent authority. A petition, wanting the averment, that such plaintiffs are a corporation, is insufficient.

The mere fact, that in a contract with the company, the defendant has designated it by a name, which is appropriate to a corporate body, does not admit its legal, corporate existence, unless it be distinctly stated in the contract, that it is an incorporated company.

ERROR from Red River. Tried below before the Hon. William S. Todd.

This was a suit brought by the Memphis, El Paso and Pacific Railroad Company, against the plaintiff in error, on the 18th day of December, 1858, to recover the sum of $110.

The action was based, upon the defendant's subscription to the stock of the Memphis, El Paso and Pacific Railroad Company, which was set out as an exhibit to the petition; and upon certain resolutions, purporting to have been adopted by the directors of the said company, declaring that calls of certain rates per cent., be made upon the stockholders; which per centage, on the subscription of the defendant, was shown to amount to the sum claimed, and to be due and payable, at the institution of the suit, according to the terms of the subscription and resolutions.

The petition described the plaintiffs in the suit, as follows: "The petition of the Memphis, El Paso and Pacific Railroad Company, the principal office of which is at Paris, Lamar county, Texas, would respectfully represent, &c.," and proceeded to state the cause of action against the defendant, as aforesaid, without any averment, as to who composed the company, or that they were incorporated, or authorised to sue.

The contract sued upon, was as follows: "We the undersigned, promise to pay the Memphis, El Paso and Pacific Rail-

road Company, the amount of stock set opposite our several names, in such instalments, as may be called for by the company; provided the same does not exceed ten per centum per annum, and we agree to pay two per centum at the time of subscribing." This contract was signed by the defendant; he subscribing $500.

The defendant filed a demurrer, and the following special ground thereof, to wit, that the petition did not state, that said company was ever incorporated; or if ever incorporated, that it was legally organized; nor did it allege, who the said company were, or where they resided; and that there was no general or public law, incorporating such company, as that described.

The court overruled the demurrer, and a jury being waived, and the cause submitted to the court, judgment was rendered for the plaintiff, for the amount sued for, with interest.

*J. A. N. Murray*, for the plaintiff in error, cited Williams v. The Bank of Michigan, 7 Wend. Rep. 541; The Welland Canal Company v. Hathaway, 8 Id. 481; The United States Bank v. Stearns, 15 Id. 314; Jackson ex dem. v. Plumbe, 8 Johns. Rep. 378; Bill v. President and Directors and Company of the Fourth Western Turnpike Co., 14 Johns. Rep. 416; The Bank of Alabama v. Simonton, 2 Texas Rep. 531.

*B. W. Gray*, for the defendants in error, cited Collins v. Ferris, 14 Johns. Rep. 246; Vicksburg Rail Road Co. v. McKean, 12 La. Rep. 638; 9 Johns. Rep. 218; Commercial Bank of New Orleans v. Newport Manufacturing Co., 1 B. Monroe, Rep. 15.

WHEELER, C. J.—It is the settled rule of the English law, and it is the rule in New York, Virginia, and some of the other states, that where a body politic institutes legal proceedings, either on a contract, or to recover property, it must, at the trial, under the general issue, prove the fact of incorporation. (Angell

& Ames on Corp. § 632, 4th edit., and cases cited.) In the case of The Bank v. Simonton, 2 Texas Rep. 531, this court held, that the plaintiffs must aver and prove, that they were a body corporate, duly constituted by competent authority, to enable them to maintain this action. That was the case of a foreign corporation. But the principle of the decision applies equally to a domestic corporation, created by private act, of which the court cannot judicially take notice.

In some of the states a different rule obtains, and it is held, that, if in a suit by a corporation, the defendant plead the general issue, it is an admission of the corporate existence of the plaintiffs, on the principle, it seems, that by pleading to the merits, the defendant admits the capacity of the plaintiffs to sue. (Angell & Ames on Corp. § 633.) Those courts, however, make an exception in the case of foreign corporations. (Id.) But the reason for a distinction in this respect, is not very clearly discoverable. A foreign corporation is required to prove its corporate legal existence, because the court cannot judicially know the legal being of such a corporation. The court cannot take notice, *ex officio*, of the foreign law, by which it is created a body corporate. The same reason applies to a domestic corporation, created by a private act. The court cannot judicially take notice of a private statute ; and there would seem to be the same reason for requiring the proof to be made in the one case as in the other.

The English rule seems most in consonance with principle. The merely naming themselves a company, shows the fact of an association acting under a particular name, but not that they have the legal capacity to act, and prosecute suits by that name ; nor can the court know that they have such capacity, unless they are constituted a body corporate by public law, or are recognised as such by a law, of which the court can judicially take notice. It would seem, therefore, on principle, that a private domestic corporation, equally with a foreign corporation, must aver and prove the fact of incorporation.

The question raised by the demurrer is, whether it was necessary for the plaintiffs to aver that they are a corporation. In

The Bank v. Simonton, it was held to be a necessary averment to enable the plaintiffs to maintain the action. We are of opinion, that the present is not distinguishable from that case in principle, and that the petition, wanting the averment, is insufficient.

It is insisted that the defendant, by contracting with the plaintiffs in their corporate name, has admitted that they are duly constituted a body corporate under that name. This question was also considered in the case of The Bank v. Simonton, in reference to the authorities now cited by the plaintiffs' counsel, and the contrary was decided. The mere fact, that in a contract with the company, the defendant has designated it by a name, which is appropriate to a corporate body, does not admit its corporate legal existence, unless it be distinctly stated in the contract, that the company is an incorporated company. (7 Wend. 540; 8 Id. 480; 15 Id. 316.) It admits only the existence of an association acting under that name.

If it be an inconvenience and hardship to require a private corporation to prove its corporate existence in actions brought by it, it can easily be obviated by an act of the legislature, declaring the act of incorporation a public law, or dispensing with the necessity of pleading the act, in suits by the corporation.

We are of opinion that the court erred in overruling the exceptions to the petition, and that the judgment be reversed, and the cause remanded for further proceedings.

Reversed and remanded.