I. & G. N. R. R. Co. AND M. P. R'Y Co. v. A. V. PICHARD.

(No. 2813, Op. Book No. 4, p. —.)

APPEAL from Milam County. Opinion by WILLSON, J.

**§ 427.** *Overcharging freights; statutory penalty for.* This action was instituted by Pichard against the two appellant railroads jointly to recover the forfeiture of $500 denounced by article 4258, Rev. Stats., for an alleged violation of article 4257 in overcharging upon certain freight shipped from Austin to Milano, over the International & Great Northern Railroad, and in the court below he recovered judgment against the two roads jointly for said forfeiture and costs.

**§ 428.** *Actions ex contractu and ex delicto; distinction between.* At common law breaches of contract were mere failures to perform agreements, and the actions for redress in the courts of law were actions on contracts, or actions *ex contractu.* Other acts or omissions giving rise to a suit at law were called specifically wrongs or torts, and the actions by which redress was to be obtained were called actions for torts, or actions *ex delicto.* [Cooley on Torts, p. 2.] The case under consideration is an action *ex delicto.* It is not an action for damages for breach of a contract, either express or implied, nor for the enforce-

ment of a contract, nor is it in any way founded or dependent upon, or arising out of, a contract, but is wholly independent of contract. It is to recover a statutory penalty for a statutory wrong. This wrong was outside and independent of any contract; one expressly denounced by law, and the redress therefor prescribed with certainty. The action for debt lies for a statutory penalty, because the sum demanded is certain; but though in form *ex contractu*, it is founded in fact upon a tort [Chaffee v. United States, 18 Wall. 538], and the law applies to it, in granting redress for the wrong, the rules applicable to an action upon a tort. The case before us is an action which should be controlled by the rules governing torts, and it was properly brought against the two railroad companies jointly, without alleging what relation they sustained to each other. [R. R. Co. v. Warner, 35 Ind. 516.] Mr. Cooley says: Where several persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or doing it under circumstances which fairly charge them with intending the consequences which follow, it is very reasonable and a just rule of law which compels each to assume and bear the responsibility of the conduct of all. . . . The law permits the party injured to treat all concerned in the injury as constituting together one party, by their joint co-operation accomplishing certain injurious results, and liable to respond to him in a gross sum as damages. [Cooley on Torts, p. 133.]

§ **429.** *Joint action against wrongdoers; petition; sufficiency of.* In a suit against joint wrongdoers, as in this case, for exacting illegal freight charges, it was not necessary to charge that they bore any business relation to each other, and it was not error to overrule the general demurrer.

§ **430.** *Foreign corporation; sufficiently pleaded, how.* The first and second exceptions to the petition claim its insufficiency because the incorporation of the Missouri Pacific Railway Company, alleged to be a foreign corpo-

ration, is not therein set forth and sufficiently pleaded. The allegation in the petition is: "That the Missouri Pacific Railway Company (as plaintiff is informed) is a foreign corporation, incorporated under or by virtue of the laws of some one of the states of the American Union, but not by the state of Texas; yet it does business in said state as a contractor for the carriage of freights, etc., for hire in said state, under the corporate name and style aforesaid, and if it has any principal office or domicile in said state, the same is to plaintiff unknown." *Held*, this allegation is all that reasonably could be required, and all that the law in such case exacts. [Rev. Stats. art. 1190; Holloway v. R. R. Co. 23 Tex. 465.] Furthermore such objection cannot be made by exception, but must be presented by plea, verified by affidavit. [Rev. Stats. art. 1265, subd. 7.]

§ **431.** *Business relations between parties; when sufficiently pleaded.* Where it was alleged in the petition generally that the business relations of the parties were unknown to plaintiff, and were wholly within the knowledge of defendants, who had colluded and combined to secrete the same for the purpose of defrauding and oppressing plaintiff and other shippers of freight over said railroad, wherefore they are both made defendants to this suit, *held*, that the allegation is as full and specific as could be required. Where particular facts lie more in the knowledge of the opposite party than of the party pleading them, less particularity is required in alleging them. [Stephen's Plead. rule 9, p. 369.]

§ **432.** *Fraud and collusion not necessary to be alleged, when.* Where the gist of the action is the alleged overcharge of freight, and that defendants acted together in committing the injury, it was immaterial whether their action was the result of fraud, combination or collusion, and therefore it was unnecessary and surplusage to allege or attempt to allege these things. [Laverty v. Van Arsdale, 65 Pa. St. 507; Parker v. Huntington, 2 Gray, 127;

Hutchins v. Hutchins, 7 Hill (N. Y.), 104; Jones v. Baker, 7 Cowen, 445; R. R. Co. v. Warner, 35 Ind. 516.]

§ **433.** *Joint liability determined by act of a common agent.* If defendants transacted their business and made their charges and received their pay for this freight through one common agent, their action in the premises would be joint as to the injury done, and their liability equal.

§ **434.** *Evidence; instruments; execution of, when not necessary to be proven.* Where their execution by the company agents was not denied under oath, and the plaintiff's petition was in part founded upon them, it was not error to admit in evidence the bill of lading of the I. & G. N. R. R. Co. for certain goods shipped from Austin to Milano for appellee; nor an expense bill or receipt of the Missouri Pacific R'y Co. for freight charges on same goods. And such being the nature of these instruments, they were admissible in evidence, without proof of their execution, under article 1265, Rev. Stats.

§ **435.** *Evidence as to distance; estoppel.* Where it was shown that defendants had all the time been charging for seventy-one miles as the correct distance from Austin to Milano, *held*, they were estopped from denying that as the true distance.

May 30, 1883.                                   Affirmed.