## H. B. STODDARD v. THOS. P. MARTIN.

### (No. 1893.)

APPEAL from Brazos County. Opinion by WILLSON, J.

HENDERSON & BUTLER, counsel for appellant.

SPENCER FORD, counsel for appellee.

§ 85. *Garnishment proceeding; pleadings in; incorporation, allegation of; case stated.* Appellee sued the Texas Investment Company, Limited, in the county court of Tarrant county, and in said suit sued out a writ of garnishment against appellant Stoddard, a resident of

Brazos county. Stoddard answered the writ in due form, denying indebtedness, etc. Martin controverted the answer, and having obtained judgment against the Texas Investment Company, Limited, the garnishment proceedings were sent to Brazos county and docketed in the county court of that county, and upon a trial there had, Martin recovered judgment against Stoddard for $250. It is assigned that the court erred in overruling the garnishee's general demurrer to plaintiff's petition tendering issues, because said petition did not allege the incorporation of the Texas Investment Company, Limited. *Held:* If this proceeding had been an original suit by or against the Texas Investment Company, Limited, it might have been necessary to allege the incorporation of said company. ' [R. S. art. 1190.] The rule appears to be that, in the case of a corporation created by a private act, the incorporation must be averred, but if the corporation be a domestic one, created by a public law of the state, such allegation is not required, because the courts must take judicial notice of the incorporation. [Bank v. Simonton, 2 Tex. 531; Halloway v. R. R. Co. 23 Tex. 465; W. & W. Con. Rep. § 490.] But in this case, although the corporation was a private one, the allegation of its incorporation was not required. The original suit between Martin and such corporation had been determined, and the want of such allegation could have been objected to only in that suit, and only by said corporation. The judgment in that suit must be regarded as *res adjudicata* and conclusive as to said objection, and the incorporation of said company cannot be inquired into in this ancillary proceeding. Moreover, in a garnishment proceeding no formal pleadings are required. [2 W. Con. Rep. § 628.] The demurrer was properly overruled.

§ **86.** *Garnishment; pleadings and issues in; facts stated.* The facts of the case as found by the judge who tried it without a jury, are, substantially, that Stoddard employed the Texas Investment Company, Limited, to assist him in effecting the sale of school lands belonging to

Brazos county, said lands being seventeen thousand seven hundred and twelve acres in Archer and Clay counties. By the terms of said employment said company undertook to advertise the sale of said lands, and use its efforts to induce parties to purchase, and to furnish a by-bidder at the sale of said land, which sale was to be made at public auction, so as to make said land bring at least $4 per acre. In consideration of these services, Stoddard agreed to pay said company $500 and five per cent. on the excess of whatever sum the land might sell for over $4 per acre. The company advertised the sale of the land at an expense of $90. It also, by correspondence and otherwise, gave publicity to said sale. It failed, however, on the day of sale to furnish a by-bidder. The land was sold at the time and place advertised and brought $4 per acre. Upon these facts the trial judge concluded and adjudged that Stoddard was not bound for the whole $500, because the company had failed to furnish the by-bidder; but that for the other services rendered by the company it was entitled to recover $250, and rendered judgment against the garnishee for said amount. This conclusion of the judge is assigned as error, because it allows a recovery *quantum meruit*, when the pleadings of the plaintiff put in issue only the contract price, and not the value of the services rendered, appellant's proposition being that appellee must recover, if at all, upon the issue made by his pleading. *Held:* Appellee's affidavit controverting the answer of the garnishee is in compliance with the statute. [R. S. arts. 211, 214.] He was not required to file any pleading other than this affidavit. It was the province and duty of the court to direct the formation of the issues in the case. [R. S. art. 217.] These issues are not required to be made by written pleadings, or to be formulated in writing, unless the court should so direct. In this case the issues were tried by the judge without a jury; and we will presume that he tried the proper issue in the case, which was, did the garnishee, at the time of the service of the garnishment upon him,

owe the Texas Investment Company, Limited, the sum of $500? Under this issue it was competent for appellee to prove any amount of indebtedness. The purpose of the garnishment was to ascertain if the garnishee was indebted to the company, and if so, the amount of such indebtedness, and to recover of the garnishee the amount proved, not to exceed the sum of $500, stated in the affidavit. In determining the issue the court was not confined to the allegations made by either party in unnecessary pleadings filed in the cause. The rules of pleading governing in ordinary civil suits are not to be invoked in a garnishment proceeding. In this particular the conclusion of the judge was not erroneous.

§ **87.** *Contract; divisibility of.* The conclusion of the trial judge is further objected to by appellant upon the ground that the contract between Stoddard and the company is entire and indivisible, and the company having failed to completely perform the same cannot recover *quantum meruit. Held:* The proposition that, when the contract is entire, the performance by the employee is a condition precedent, and he has no remedy until he has fully performed his part, is not now the recognized doctrine in this state. The rule is that, "if the employee abandons his contract, the employer shall be charged with only the reasonable worth, or the amount of the benefit he has received upon the whole transaction, and in estimating the amount the contract price cannot be exceeded. The former is allowed to recover, for his part performance, its reasonable worth, not to exceed the contract price, and the latter to recoup or reconvene his damages for the breach of contract by the former. Where the employee is discharged without cause, or is prevented by the employer from completing the performance, he is entitled to recover for the part performed and the damages he has sustained by reason of the breach of the contract by the employer. If both parties have broken the contract, or there has been a mutual abandonment of it

by both parties, the employee is entitled to recover the reasonable worth of the services he has rendered the employer." [Carroll v. Welch, 26 Tex. 147.] Applying the rule to the facts of this case, the company, notwithstanding the breach of the contract on its part, was entitled to recover of Stoddard the reasonable worth of the services rendered by it in and about the sale of the land, not to exceed the contract price. And Stoddard would be entitled to recoup or reconvene for any damage he may have sustained by reason of the breach of the contract by the company.

§ 88. *Judgment not warranted by the evidence and the law.* The question now occurs, is the judgment in conformity with the law as stated in the preceding section, and with the evidence? *Held,* that it is not. There is no evidence of the value of the services performed by the company except to the extent of $90 expended for advertising the sale of the land. Without proof of the value of the services, the court was not warranted in awarding any amount therefor. On the other hand, appellant proved that, by reason of the failure of the company to furnish a by-bidder at the sale of the land, the land had sold for $1 per acre less than it would have sold for had a by-bidder been furnished. This made a difference of $17,712 between the amount the land sold for, and the amount it would have sold for if the company had fully performed its part of the contract. Stoddard was the agent of Brazos county for the sale of the land, and under his contract with said county was entitled to a commission of five per cent. on the amount the land sold for, which commission upon said sum of $17,712 he lost by reason of appellee's said breach of the contract. This loss amounted to $885.60. This loss, though proved and not contradicted, was entirely disregarded by the court. Again, it was conclusively proved by Stoddard that the company was indebted to him $100, with legal interest thereon, upon a draft drawn upon and accepted

by said company in his favor, but which draft had never been paid. And yet it does not appear that the court made any deduction for this indebtedness in favor of the garnishee.

January 27, 1886.          Reversed and remanded.