## BOARD OF INSURANCE COM'RS v. NATIONAL AID LIFE.

### No. 8096.

Court of Civil Appeals of Texas. Austin.

June 13, 1934.

Rehearing Denied July 2, 1934.

James V. Allred, Atty. Gen., and Everett F. Johnson, and Sidney Benbow, Asst. Attys., Gen., for appellant.

T. H. McGregor and James A. King, both of Austin, for appellee.

BLAIR, Justice.

By this proceeding appellee, National Aid Life, an Illinois life insurance corporation, sought a writ of mandamus to compel the Board of Insurance Commissioners of Texas to issue it a permit to carry on a life insurance business in Texas. The permit had been refused upon the sole ground that the name "National Aid Life" was so similar to that of "National Aid Life Association," a foreign corporation already carrying on a life insurance business in this state under permit of the Board, as to be likely to mislead the public dealing with the two corporations. At the hearing of the application for the permit representatives of both corpora- tions were present, and after the hearing the Board refused the permit on the ground stated, claiming authority to do so under the provisions of title 78 (Rev. St. 1925) relating to insurance, and particularly articles 4700 and 5068. Article 4700 makes it the duty of the Board to pass upon the incorporation of domestic life insurance companies, and provides that such articles of incorporation shall contain "the name of the company; and the name selected shall not be so similar to that of any other insurance company as to be likely to mislead the public." Article 5068 is the last article of title 78, and pro- vides that "the provisions of this title are con- ditioned (conditions) upon which foreign in- surance corporations shall be permitted to do business within this State, and any such foreign corporation engaged in issuing con- tracts or policies within this State shall be held to have assented thereto as a condition precedent to its right to engage in such busi- ness within this State."

At the hearing before the Board and on the trial of the case it was agreed that appel- lee had complied with all other statutory pre- requisites necessary to obtain, as a foreign life insurance corporation, a permit to carry on such a business in Texas; and the trial court entered an order directing the Board to issue appellee a permit to carry on a life insurance business in Texas. This appeal is from that order and presents two questions for determination as follows:

1. Did the Board abuse its discretion in concluding that the names, "National Aid Life" and "National Aid Life Association," were so similar as to be likely to mislead the public dealing with the corporations?

2. Is the Board vested with power to pass upon such question where the applicant for the permit is a foreign life insurance corpo- ration?

We have reached the conclusion that the first question should be answered in the nega- tive and the second question in the affirma- tive.

Article 4700 vests in the Board of Insurance Commissioners, whose duty it is to issue permits to both foreign and domestic life insurance corporations to carry on such business in this state, the power to refuse a permit where the name of the subsequent domestic corporation is "so similar to that of any other insurance company as to be likely to mislead the public." This statute merely adopts the universal rule that equity

will protect a corporation in the use of a name selected and used by it, which rule likewise applies where a subsequent corporation attempts to use a similar name to that of an existing corporation. Thompson on Corporations (3d Ed.) vol. 1, pp. 85–87, § 77; Holloway v. Memphis, etc. R. Co., 23 Tex. 465, 76 Am. Dec. 68. The statutes of many states expressly adopt the rule, and it has been held, even where no such express statutory provision exists, the court, officer, or administrative or ministerial board whose duty it is to grant or refuse charters, or articles of incorporation, or certificates of authority, or permits to transact or carry on business within a state, will not permit the use by any subsequent corporation of a name similar to or so nearly like that of another corporation as would be likely to produce mistake or confusion. Philadelphia Trust, etc., Co. v. Philadelphia Trust Co. (C. C.) 123 F. 534; Thompson on Corporations (3d Ed.) vol. 1, p. 80, and cases there cited.

■ This rule would authorize the Board of Insurance Commissioners whose regulatory power over the insurance business is broad and plenary, and whose duty it is to issue certificates of authority or permits to transact business in the state to both foreign and domestic insurance corporations, to refuse a permit to a foreign insurance corporation where its name is "so similar to that of any other insurance company as to be likely to mislead the public." But aside from this conclusion, it is without question the duty of the Board under the provisions of article 4700 to refuse a permit to a subsequent domestic life insurance corporation to do business in this state if its name is so similar to that of an existing corporation as to likely mislead the public dealing with the two corporations; and article 5068 makes "the provisions of this title (title 78 of which article 4700 is a part) conditions upon which foreign insurance corporations shall be permitted to do business within this State." It is true that article 4700 specifically relates to the incorporation of domestic insurance corporations; but this court held in the recent case of Fire Protection Co. of America v. State (Tex. Civ. App.) 59 S.W.(2d) 888, that article 5068, made the provisions of title 78, which included article 4700, applicable to a foreign insurance corporation doing business in this state. To hold, as contended for by appellee, that the principle forbidding similarity of name had no application, or could not be invoked against a foreign insurance corporation seeking a permit to do business in Texas, would not only give such foreign insurance corporation a great advantage over a domestic corporation of the same or a similar name, or a foreign corporation already transacting a business under a permit issued by the Board; but the necessary consequence of the subsequent foreign corporation taking the name of an existing corporation under the laws, whether a domestic or a foreign corporation with permits to do business in the state, would be to confuse or mislead the public dealing wtih such corporation. No good reason could exist as to why the Legislature would prohibit domestic insurance corporations from adopting similar names, and at the same time grant a permit to a foreign insurance company with a similar name to an existing insurance company. Manifestly the Legislature intended by the enactment of article 5068 to require all foreign insurance corporations to comply with all provisions and regulations required of domestic insurance corporations. Such being our conclusion, we pass to a consideration of whether the Board has abused its discretionary power in concluding that the name "National Aid Life" is so similar to "National Aid Life Association" as to be likely to mislead the public dealing with the two corporations.

It may be remarked that since the statute against similarity of names has merely adopted the equity rule aforementioned, cases construing such rule necessarily control.

■ The rule has been invoked against a foreign corporation seeking a permit to do business in a state which has chartered a corporation bearing a similar name. State v. Nichols, 51 Wash. 619, 99 P. 876. The statute makes it the duty of the Board to refuse the permit where the name of the subsequent corporation is so similar to "any other insurance company as to be likely to mislead the public." Article 4700. A foreign insurance company with a permit to do business in this state comes within the term, "any other insurance company," and we conclude that the principle forbidding similarity of names should be invoked against a foreign life insurance corporation seeking a permit to transact or carry on such a business in this state which has already issued a permit to another foreign corporation with a similar name and now engaged in carrying on a similar business in this state.

■■ Nor did the Board abuse its discretion in concluding that the names of the two

corporations involved were so similar as to likely mislead the public dealing with them. The general rule is that "there is an unlawful appropriation where one corporation appropriates and uses the distinctive portion of another corporation's name." Thompson on Corporations, vol. 1, p. 81; Daughters of Isabella v. National Order, etc., 83 Conn. 679, 78 A. 333, Ann. Cas. 1912A, 822. In Thompson on Corporations, vol. 1, at p. 100, illustrations of the use of names held to be similar are as follows: " 'The Holmes, Booth & Atwood Mfg. Co.' and 'Holmes, Booth & Hayden'; 'United States Mercantile Reporting Co.,' and 'United States Commercial Agency & Collecting Co.'; 'The Young Woman's Christian Association' and 'International Committee of the Young Woman's Christian Association'; 'Lamb Knit-Goods Co.' and 'Lamb Glove & Mitten Co.'; 'The Legal Aid Society' and 'The Co-Operative Legal Aid Society,' on the ground that the similarity was calculated to mislead the public; 'Society of the War of 1812' and 'Society of the War of 1812 in the State of New York'; 'Edison Storage Battery Co.' and 'Edison Automobile Co.'; 'Philadelphia Trust, Safe Deposit & Insurance Co.,' a corporation which by usage acquired the name 'The Philadelphia Trust Co.,' and a later corporation having the name 'The Philadelphia Trust Co.'; 'The Dodge Stationery Co.' and 'J. S. Dodge Co.,' where it appeared that the latter was conducting the same kind of business; 'Cincinnati Vici Shoe Co.' and 'Cincinnati Shoe Co.,' although the secretary of state had permitted the incorporation of each; 'The Manchester Brewing Co.' and 'The North Cheshire & Manchester Brewing Co.'; 'Landlords' Protective Bureau' and 'Landlords' Protective Department,' on the ground that the similarity was sufficient to mislead and confuse the public as to the identity of the corporations; 'The Hanoverian and Oldenburg Coach Horse Association of America' and 'The Oldenburg Coach Horse Association of America'; 'N. J. Henry Manufacturing Company, Inc.,' and 'Henry Screen Manufacturing Company'; 'Pansy Waist Company, Inc.,' and 'Pansy Dress Company, Inc.'; 'Grand Rapids Furniture Company' and 'Grand Rapids Furniture Shops'; 'Sovereign Camp of the Woodmen of the World' and 'Woodmen of the World'; 'Supreme Lodge of the World Loyal Order of Moose' and 'Improved Benevolent Protective Order of Moose of the World.' "

It is clear that the distinctive portion of the names of the two corporations in the instant case is "National Aid Life," and the mere omission of the word "Association" by appellee to its name would not distinguish it from the other existing corporation.

■ But appellee contends that if we construe the aforementioned statute as we have, then the statute is unconstitutional and void, because "a statute which vests arbitrary discretion in public officials without prescribing a uniform rule of action, or in other words, which authorizes the issuing or withholding of permits or approval of corporate charters according as the designated officials arbitrarily chose without reference to all of the class to which the statute under consideration was intended to apply and without being controlled or guided by any definite rule of specified conditions to which all similarly situated might knowingly conform, is unconstitutional and void."

Whether the names of future corporations may be so similar to existing corporations as to mislead the public is a matter which the Legislature cannot foresee or know to the extent that it may enact laws which declare specific names to be similar. It can only provide that names of corporations shall not be so similar as to mislead the public dealing with them. The statute so providing prescribes a uniform rule applicable to all corporations of the class named and is not unconstitutional. It simply leaves to the administrative or ministerial board charged with the duty of passing upon such matter the determination of similarity of names when the question arises in the course of administrative duty. It is a detail arising in the administrative regulation of the insurance business in this state, and the fundamental purpose of an administrative regulation is to "fill up the details." United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 483, 55 L. Ed. 563, quoting Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253. That is, the administrative Board of Insurance Commissioners is, under the statute in question, to supply in an administrative way that particularity and certainty which, considering the circumstances of the subject-matter, similarity of corporate names, cannot be supplied by the Legislature itself.

The judgment of the trial court awarding appellee a writ of mandamus to compel the Board to issue it a permit to transact a life insurance business in this state is reversed, and this proceeding for the writ of mandamus is dismissed.

Judgment reversed; mandamus proceeding dismissed.