

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. M. O. Flowers
Secretary of State
Austin, Texas

DEar Sir:

Att'n:  Claude A. Williams
Opinion No. O-1711
Re:  Is the name "Texas Federation
      of Taxpayers" available for co-
      operate use due to the similar-
      ity of such name to the exist-
      ing corporation by the name of
      "Texas Taxpayers' Association"?

        We are in receipt of your request for an opinion
on the following question:

        "Application has been made to this Department
    by the "Texas Federation of Taxpayers" for a cor-
    porate charter.  Its domicile is to be at Mount
    Pleasant, Texas.

        "Our records disclose that a domestic corpora-
    tion by name of 'Texas Taxpayers' Association',
    domiciled at Longview, Texas, has previously been
    incorporated and is in good standing.

        "We respectfully request your opinion as to
    whether or not the name 'Texas Federation Taxpay-
    ers' is available for corporate use due to the
    similarity of such name to the existing corporation
    by name of 'Texas Taxpayers' Association'.

        We believe the law of Texas in respect to the adop-
tion of a similar name by a corporation is summed up in the
following paragraph from the case of THE GRAND TEMPLE, etc.,
v. INDEPENDENT ORDER,  K. & D. of T., 44 S.W. (2d) 973:

        "A corporation cannot lawfully adopt either the
    same name as that of an existing corporation created
    by or under the laws of the state, or of an unincor-
    porated association or partnership therein, or a name
    so similar to that of an existing corporation or as-
    sociation that its use is calculated to deceive the
    public and result in confusion or unfair and fraud-

ulent competition (14 C.J. p. 312) and may be en-
joined from such use, whatever may be the character
of the corporations, and whether or not they are
formed for profit, to the same extent and upon the
same principles that individuals are protected in
the use of trade-marks and trade-names (14 C.J. p. 326).
And there can be no distinction in principle between
taking the entire name of the prior corporation
and taking so much of it as will mislead into the
belief that the two concerns are the same. The mis-
chief is of precisely the same character, differing
only in degree. Similarity, and not identity, is
the usual recourse where one corporation seeks to
benefit itself by the name of another."

Where a subsequent corporation seeks to adopt a
name similar to or so nearly like that of another corpora-
tion as would be likely to produce mistake or confusion in
the public mind, the Secretary of State would be acting with-
in his authority in refusing to grant a charter to the of-
fending corporation.

BOARD OF INS. COMM. v. NATIONAL AID LIFE (Civ.
App.) 73 S.W. (2d) 671, error refused.

"The statutes of many states expressly adopt
the rule, and it has been held, even where no such
express statutory provision exists, the court, of-
ficer, or administrative or ministerial board whose
duty it is to grant or refuse charters, or articles
of incorporation, or certificates of authority, or
permits to transact or carry on business within a
state, will not permit the use by any subsequent
corporation of a name similar to or so nearly like
that of another corporation as would likely to pro-
duce mistake or confusion."

The general rule is that "there is an unlawful ap-
propriation where one corporation appropriates and uses
the distinctive portion of another corporation's name."

THOMPSON ON CORPORATIONS, 3rd Ed., Vol. 1, p. 81:

On page 100 of Thompson on Corporations, supra, var-
ious names, the similarity of which has been held to warrant
injunctive relief, are set out as follows:

"'The Holmes, Booth & Atwood Mfg. Co.' and
'Holmes, Booth & Hayden'; 'United States Mercantile
Reporting Co., and 'United States Commercial Agency

& Collecting Co.';   'The Young Woman's Christian As-
sociation' and 'International Committee of the Young
Woman's Christian Association'; 'Lamb Knit Goods Co.'
and 'Lamb Glove & Mitten Co.';   'The Legal Aid Society'
and 'The Co-operative Legal Aid Society,' on the
ground that the similarity was calculated to mislead
the public;   'Society of the War of 1812' and 'Society
of the War of 1812 in the State of New York'; 'Edi-
son Storage Battery Co.' and 'Edison Automobile Co.';
Philadelphia Trust, Safe Deposit & Insurance Co.,'
a corporation which by usage acquired the name 'The
Philadelphia Trust Co.,' and a later corporation
having the name 'The Philadelphia Trust Co.'; 'The
Dodge Stationery Co.' and 'J. S. Dodge Co.,' where
it appeared that the latter was conducting the same
kind of business; 'Cincinnati Vici Shoe Co.' and
'Cincinnati Shoe Co.,' although the secretary of
state had permitted the incorporation of each; 'The
Manchester Brewing Co.' and 'The North Cheshire &
Manchester Brewing Co.,'; 'Landlords' Protective
Bureau' and 'Landlords' Protective Department,' on
the ground that the similarity was sufficient to
mislead and confuse the public as to the identity of
the corporations; 'The Hanoverian and Oldenburg
Coach Horse Association of America' and 'The Olden-
burg Coach Horse Association of America'; 'N.J.
Henry Manufacturing Company, Inc.' and 'Henry Screen
Manufacturing Company';   'Pansy Waist Company Inc.'
and 'Pansy Dress Company, Inc.'; 'Grand Rapids
Furniture Company' and 'Grand Rapids Furniture Shops';
'Sovereign Camp of the Woodmen of the World' and
'Woodmen of the World';   'Supreme Lodge of the World
Loyal Order of Moose' and 'Improved Benevolent
Protective Order of Moose of the World.'"

In the case of The Grand Temple, etc. v. Independ-
ent Order, K & D of T., supra, a Texas Commission of Appeals
case, it was held that the name "Knights and Daughters of
Tabor of International Order of Twelve" and "Independent
Order of Knights and Daughters of Tabor of America", were
similar as a matter of law, entitling the former corporation
to injunctive relief against the latter.

It is obvious that the distinctive portion of the
names of the above two charitable corporations is "Knights
and Daughters of Tabor" and that the mere addition of unim-
portant words in an appellation of such length would not
distinguish the second corporation from the first.

In the present instance we have the two names:

"Texas Taxpayer's Association" and "Texas Federation of Tax-
payers".  The test is whether or not the names are so similar
that their use will deceive the public and result in confu-
sion and unfair competition to the corporation who first  ob-
tained its name as a part of its franchise.

      We concede that the issue is close due to the use
of the words "Texas" and "Taxpayers" but it cannot be con-
cluded that the average man would be confused by the use of
the words "association" and "federation".  The established
rule is that the similarity must be such that any person, of
such reasonable care and caution as the public generally are
capable of using and may be expected to exercise, would mis-
take the one corporation for the other.  The words "associa-
tion" and "federation" do not have the same meaning nor are
they indistinguishable by idem sonans.  A "federation of
Taxpayers" suggests a far greater scope and magnitude than
an "association".  The present case is not so clear cut as
the "Knights and Daughters of Tabor" conflict.  Futhermore,
we do not find the same degree of similarity between the
names "Texas Taxpayer's Association" and "Texas Federation
of Taxpayers" as exists between the names given in the list
quoted above from Thompson on Corporations.

      The rights of the corporation first established
must be recognized, but the governing rule of law will not
be strictly and harshly appled.  It is true that similarity,
rather than identity of name, is the determining norm, but
in the present instance the distinctive essence of the name
"Texas Taxpayer's Association" is not appropriated or vio-
lated by the words "Texas Federation of Taxpayers".  Again
the arrangement of words is essentially different and suggest
a distinct organization.

      We think there is a closer analogy between the names
under consideration and those instances of similarity cited
in Thompson on Corporation where injunctive relief was re-
fused than those where the relief was granted.

      THOMPSON ON CORPORATION, 3rd Ed. Vol. 1, p. 102:

            "There are some cases where the names of the
      corporations were somewhat similar but the courts
      denied the relief by injunction; as, for instance,
      in the cases of the following names: 'Elgin Butter
      Company' and 'Elgin Creamery Company'; Internation-
      al Banking Company' and 'International Bank'; 'In-
      dustrial Mutual Deposit Co.' and 'Central Mutual
      Deposit Co.'; 'Richardson & Boynton Co.' and 'Rich-
      ardson and Morgan Co.'; the 'Goodyear Rubber Co.,

a New York corporation, and 'Goodyear's India Rubber Glove Manufacturing Co.,' a Connecticut corporation. The supreme court of Massachusetts refused to enjoin a benevolent society acting under the name 'Order of Scottish Clans' at the suit of a prior corporation engaged in similar business under the name 'American Order of Scottish Clans,' after a certificate of incorporation had been granted by the secretary of state under a statute which provided that the certificate should be conclusive evidence of the existence of the corporation at the date of such certificate. So, it was held that the 'Sun Life Assurance Society,' of England, was not entitled to enjoin the 'Sun Life Assurance Company of Canada' from transacting a similar business in England, in the absence of proof of actual fraud, either practiced or attempted."

It is our opinion that the similarity between the names "Texas Taxpayers Association" and "Texas Federation of Taxpayers" is not so marked as to violate the rule of law that a corporation cannot adopt a name so similar to that of an established corporation that its use will deceive the public and result in confusion, and that as a result the name "Texas Federation of Taxpayers" is available for corporate use in Texas despite the existence of a corporation with the name "Texas Taxpayers" Association", and that the secretary of state may not refuse to issue a charter to the "Texas Federation of Taxpayers" solely on the ground of similarity of name.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Dick Stout
Dick Stout
Assistant

DS:ob:wc


APPROVED NOV 28, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman