

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4729
Re: Similarity of names of insurance
corporations and related matter.

Your request for opinion has been received and care-
fully considered by this department. We quote from your request
as follows:

"The Old Texas Life Insurance Company of
Waco, Texas, operates as a statewide mutual
assessment life insurance association under
the provisions of Article 4859 (f), Sections
1-20 and 5068-1. The Texas Life Insurance Com-
pany is operated as a legal reserve stock life
insurance company under the provisions of
Chapter 3 of Title 78 and is also located at
Waco, Texas. It was incorporated in 1901 with
the present name. The Texas Life Insurance
Company has complained to the Department that
the similarity in names is causing confusion to
the public and to its policyholders.

"The Old Texas Life Insurance Company
operated prior to 1940 as the Paramount Life
Insurance Company and was located in Dallas,
Texas. On February 13, 1940, the Paramount
Life Insurance Company changed its name to
Old Texas Life Insurance Company by proper
charter amendment accepted in this Department
and filed with the Secretary of the State of
Texas. On December 31, 1941, by proper char-
ter amendment, the Old Texas Life Insurance
Company moved its home office to Waco, Texas,
the amendment being accepted by this Depart-
ment and filed in the office of the Secretary
of the State of Texas. Since the company
moved to Waco, the complaint has arisen which
we previously mentioned.

"Your opinion is requested as to whether or not under the provisions of Article 5068-1 and particularly Section 3 and under the facts stated the Board of Insurance Commissioners has authority to refuse to issue renewal certificate of authority to the Old Texas Life Insurance Company, if, after a hearing, the Board is convinced that the use of the name is confusing and misleading to the public."

Section 3 of Article 5068-1, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Sec. 3. Upon application for charter to do business in Texas the Board of Insurance Commissioners may determine whether the name of the association would be confusing and misleading to the public; if so, it may refuse the certificate or charter, and prohibit the doing of business under the name.

"Any amendment to the charter of an association operating under this Act, changing the name of the association, must be submitted to the Board of Insurance Commissioners for approval; and the charter of any association operating under this Act may not be amended to provide for changing its name to a name that is determined by the Board of Insurance Commissioners to be confusing and misleading to the public."

The case of Board of Insurance Commissioners v. National Aid Life, Tex. Civ. App., 73 S.W. (2d) 671, writ refused, holds: (quoting head notes of said case)

"1. Trade-marks and trade-names and unfair competition

"Rule that equity will protect corporation in use of name applies where subsequent corporation attempts to use similar name to that of existing corporation.

"2. Trade-marks and trade-names and unfair competition

"In absence of statute, administrative agency granting charters, articles of incorporation, or permits to carry on business will not permit use by subsequent corporation of name similar to or so nearly like that of another as would be likely to produce confusion.

"3.   Corporations

"Under statute authorizing refusal of permit to do business to domestic insurance corporation if name is so similar to existing corporation's as to be likely to mislead public, which provisions subsequently was made condition upon which foreign insurance corporations should be permitted to do business, Board of Insurance Commissioners had power to refuse permit to foreign insurance corporation where name similar to that of another foreign corporation was likely to cause confusion (Rev. St. 1925, arts. 4700, 5068).

"4.   Corporations

"Statute authorizing refusal of permit to do business to insurance corporation with name similar to 'any other insurance company' applied where permit had already been issued to foreign insurance corporation with similar name and which was then engaged in business (Rev. St. 1925, arts. 4700, 5068).

"5.   Trade-marks and trade-names and unfair competition

"There is an unlawful appropriation where one corporation appropriates and uses distinctive portion of another corporation's name.

"6.   Corporations

"Name 'National Aid Life' held so similar to name 'National Aid Life Association' as to justify Board of Insurance Commissioners in refusing permit to do business to the 'National Aid Life' on ground that similarity of names would be likely to mislead the public in that the distinctive portion of two names was identical (Rev. St. 1925, arts. 4700, 5068).

"7.   Constitutional law

"Statute authorizing Board of Insurance Commissioners to refuse permit to do business to insurance corporation with name so similar to that of existing corporation as to be likely to mislead public held not unconstitutional as delegation of arbitrary power (Rev. St. 1925, arts. 4700, 5068)."

Under the authorities cited in opinion No. 0-4173 of this department, a copy of which is enclosed herewith for your information, which cites the case of Board of Insurance Commissioners v. National Aid Life, supra, it is our opinion that your question should be answered in the affirmative, and it is so answered.

However, before refusing to issue a renewal permit to said company, we think it would be proper to give said insurance company an opportunity to amend its charter in order to adopt a name acceptable to the Board which would not be confusing and misleading to the public.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:GO:wc

Enclosure

APPROVED AUG 17, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approved In Limited Conference