W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellants,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF DALLAS, Appellee.

No. 12259.

Court of Civil Appeals of Texas, Austin.

June 18, 1975.

Frank E. McLain, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, John L. Hill, Atty. Gen. of Tex., John H. Banks, Asst. Atty. Gen., Austin, for appellants.

James K. Presnal, James K. Presnal, Inc., Austin, for appellee.

SHANNON, Justice.

Appellee, First Federal Savings and Loan Association of Dallas, filed suit in the district court of Travis County to set aside an order of the Savings and Loan Commissioner which granted the application of Oak Cliff Savings and Loan Association to change its name to First Texas Savings Association of Dallas. Upon trial to the court, judgment was entered setting aside the Commissioner's order. Appellants are Oak Cliff Savings and Loan Association and W. Sale Lewis, Savings and Loan Commissioner, hereafter termed, "Oak Cliff," and

the "Commissioner," or "appellants." We will reverse the judgment of the district court.

In the hearing before the Commissioner appellee appeared and protested the name change. After the hearing, the Commissioner filed "findings of facts" and "conclusions of law" and found, among other things, that there are twenty-eight savings and loan associations operating in Texas using the words, "First Federal," in their respective names, and that there are forty-seven savings and loan associations in Texas using the word, "First," in their names. The Commissioner found further that there are thirteen commercial banks and two savings and loan associations in Dallas County using the word, "First." The Commissioner concluded that there was a ". . . sufficient difference between the name FIRST TEXAS SAVINGS ASSOCIATION OF DALLAS and the name referred to by the protestants, so as not to be confusing to the extent of damage or injury to any of the protestants to this application."[1]

In its trial petition appellee pleaded that for many years it had operated a savings and loan business in the Dallas metropolitan area and had spent large sums of money in advertising to bring to appellee "recognition and identity." In its advertising program appellee had advertised as "FIRST FEDERAL" or "FIRST FEDERAL SAVINGS." Appellee averred further that the Commissioner's order was ". . . unlawful, unreasonable, arbitrary, and capricious . . ." in that, among other things, the order was in violation of Vernon's Tex.Rev.Civ.Stat.Ann. Art. 852a § 2.12 since the ". . . only evidence of any probative value upon which the Commissioner could base his opinion indicated that the name change sought by OAK CLIFF would . . . be confusing to the public and do irreparable harm to this Plaintiff [appellee]."

In its trial pleading Oak Cliff alleged that the Commissioner's order was "fully supported by substantial evidence."

The trial in district court was upon the record made before the Commissioner. As already observed, the judgment of the district court set aside the Commissioner's order. In that judgment there appear the following findings.

"1. That there was not substantial evidence in the record before the Court to support the order of the Defendant W. Sale Lewis, Savings and Loan Commissioner of Texas, authorizing the change of Defendant Oak Cliff Savings and Loan Association's name to FIRST TEXAS SAVINGS AND LOAN ASSOCIATION.[2]

"2. That there was no substantial evidence or other facts existent at the time of the hearing before the Savings and Loan Commissioner of Texas on the 11th day of March, 1973, or at the time the Savings and Loan Commissioner of Texas entered his order dated the 15th day of June, 1973, to support such order or upon which the Savings and Loan Commissioner of Texas could have based his order.

"3. That the order of the Savings and Loan Commissioner of Texas is arbitrary, capricious and illegal.

"4. That the Plaintiff First Federal Savings and Loan Association of Dallas and the Defendant Oak Cliff Savings and Loan Association each do business in the City of Dallas, Texas, and the City of Dallas constitutes the primary trade area of both such associations, and both such associations compete in the Dallas market for business.

---

1. First Federal Savings and Loan Association of Austin was also protestant in the proceedings before the Commissioner, but that association did not appeal from the Commissioner's order.

2. The Commissioner's order permitted Oak Cliff to change its name to "First Texas Savings Association of Dallas." Throughout the judgment the district court erroneously refers to the new name as "First Texas Savings and Loan Association."

"5. That the use of the name FIRST TEXAS SAVINGS AND LOAN ASSOCIATION by the Defendant Oak Cliff Savings and Loan Association would result in the public's confusing such association with the Plaintiff First Federal Savings and Loan Association of Dallas, and in general confusion in the Dallas savings and loan market as between said associations, and that such confusion as between Plaintiff First Federal Savings and Loan Association and Oak Cliff Savings and Loan Association, if Oak Cliff Savings and Loan Association be permitted to use the name FIRST TEXAS SAVINGS AND LOAN ASSOCIATION, would result in damage to Plaintiff First Federal Savings and Loan Association of Dallas of an indeterminate amount and that Plaintiff First Federal Savings and Loan Association of Dallas is entitled to protection therefrom."

The pleadings and judgment show that the parties and the court regarded the case as one governed by the substantial evidence rule review. Though we are not entirely satisfied concerning the proprietary of such a review from an order by an administrator exercising the function of granting a name change, we will, nevertheless, treat the matter as a substantial-evidence-rule appeal.

■ The statutory basis for the Commissioner's consideration of the name change is Tex.Rev.Civ.Stat.Ann. Art. 852a § 2.12. That statute provides in part as follows: "No certificate of incorporation of a proposed association having the same name as any other association authorized to do business in this State under this Act or a name so nearly resembling it as to be calculated to deceive shall be issued by the Commissioner . . ." Art. 852a § 2.12 seems to adopt the rule that equity will protect a corporation in the use of a name selected and used by it. That rule likewise applies where a subsequent corporation attempts to use a similar name to that of an existing corporation. Board of Insurance Commissioners v. National Aid Life, 73 S.W.2d 671 (Tex.Civ.App.1934, writ ref'd). The statutes of many states expressly adopt the rule, and it has been held, even wherein no express statute exists, that the officer whose duty it is to grant or refuse charters will not permit the use by any subsequent corporation of a name similar to or so nearly like that of another corporation as would be likely to produce mistake or confusion. Board of Insurance Commissioners v. National Aid Life, *supra.*

Appellee placed into evidence a study done at its request to determine if there was any confusion associated with the name "First Texas Savings Association" among residents of Dallas. The conclusion drawn from the study was that ". . . some mis-identification [sic] or confusion is associated with the use of the name First Texas Savings Association. This mis-identification [sic] or confusion of the name First Texas Savings Association is associated with (to a lesser degree) the advertising of First Federal Savings and Loan Association."

■ Despite appellee's opinion evidence, we are of the view that the Commissioner did not abuse his discretion in concluding that there was a sufficient difference in the names so as not to be confusing. See Board of Insurance Commissioners v. National Aid Life, *supra.* By the terms of Tex.Rev.Civ. Stat.Ann. Art. 852a § 2.12, the Commissioner may not allow a savings association to employ the (1) same name as another savings association or (2) a name so nearly resembling that of another savings association so as to be calculated to deceive.

Manifestly, "First Texas Savings Association of Dallas" is not the same name as "First Federal Savings and Loan Association of Dallas." The distinctive portion of the names of the two corporations are "First Texas" and "First Federal." The name, "Texas," is in no way similar to the name, "Federal," and the Commissioner

could justifiably find that few persons would confuse those words. It is true that both the proposed designation and that of appellee employ the term, "First," but as the Commissioner found, the parties are not alone in their preference for that term. Many banks and savings and loan associations over the State use the term "First" in their respective names, and in Dallas County, alone, there are thirteen commercial banks and two savings and loan associations which employ that term in their corporate names. Under these circumstances, we agree with the Commissioner that the proposed name is most probably not calculated to deceive.

The judgment is reversed and judgment is here rendered affirming the order of the Savings and Loan Commissioner.